BROWNLEE ET AL., RESPONDENTS, *v.* YOUNG ET AL., DEFENDANTS; LLOYD, APPELLANT.

(No. 1,258.)

(Submitted February 7, 1901. Decided February 11, 1901.)

*Promissory Notes—Principal and Surety—Judgments.*

Compiled Statutes, Fifth Division, Sec. 1293 (Code of Civil Procedure of 1895, Sec. 1001), refers to the rendition of judgments upon obligations the makers of which signed in fact as principal and surety, and not to judgments upon those on which the makers are all principals; it applies also to cases in which the parties whose rights are to be determined are before the court, and not to cases in which judgment is sought, at the option of the plaintiff, against one of the obligors.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by Malcolm B. Brownlee and others against William H. Young and others. From a judgment for plaintiffs, defendant, John E. Lloyd, appeals. Affirmed.

*Mr. William H. DeWitt,* for Appellant.

*Mr. Wm. Scallon* and *Mr. W. W. Dixon,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the Court.

Action to recover the amount due upon a joint and several promissory note made and delivered to plaintiffs by defendants on December 31, 1894, for the sum of $1,500, bearing interest at 1 per centum per month from date. All the makers were made parties defendant. Lloyd and E. H. Irvine were served with summons. Young and F. F. Irvine were not found, nor did they appear in person or by counsel. E. H. Irvine suffered judgment by default. Lloyd filed a separate answer, in which, after admitting categorically all the material averments in the complaint, he alleged specially: "That while the said defendants herein, to-wit, the signers of said note, appear upon the face thereof as joint makers, yet in truth and fact, as between themselves, the said defendants, they are simply sureties, each one for the other, for three-fourths of the amount which they, the said defendants, may be required to jointly pay." The answer concludes with a prayer that "it be adjudged that this defendant, John E. Lloyd, is, as to three-fourths of the amount of said note, only a surety for the three other defendants; and [that the judgment] shall direct the sheriff to make three-fourths of the amount due thereon out of the goods and chattels, lands and tenements, of the said defendants other than this defendant, before he attempt to levy an execution upon the property, personal or real, of this defendant."

On motion of plaintiffs a separate judgment in the ordinary form was entered against Lloyd, the foregoing allegation and prayer being disregarded. It is now contended that the court below erred in failing to render the judgment as prayed. Defendant, in support of this contention, cites Section 1293 of the Fifth Division of the Compiled Statutes of 1887, which is brought forward into the Code of Civil Procedure of 1895 as Section 1001, which follows:

"Upon the rendition of any judgment, if it shall be shown that one or more of the defendants against whom the judgment is to be rendered are principal debtors, and others of the said defendants are sureties of such principal debtor, the court may order the judgment so to state, and upon the issuance of an execution upon such judgment it shall direct the sheriff to make the amount due thereon out of the goods and chattels, lands and tenements of the principal debtor or debtors, or if sufficient thereof cannot be found within his county to satisfy the same, then that he levy and make the same out of the property, personal or real, of the judgment debtor who was surety. Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may, when the justice of the case requires it determine the ultimate rights of the parties on each side, as between themselves."

It is apparent from a careful reading of this provision that it refers to the rendition of judgments upon obligations the makers of which signed in fact as principal and surety, and not to judgments upon those on which the makers are all principals. It applies also to cases in which the parties whose rights are to be found and determined are before the court, and not to cases in which judgment is sought, at the option of the plaintiff, against one of the obligors. Under the provisions of the Code of Civil Procedure (Sections 585, 593) and of the Civil Code (Section 1941), all of which were in force at the time the note in question was executed (Compiled Statutes of 1887, First Division, Sec. 20; *Id.* Fifth Division, Sec. 1296), this

may properly be done, and it was evidently the purpose of the plaintiffs to avail themselves of these provisions in this case. Under these circumstances the execution could not run against any of the other obligors, for the reason that they are and could not be included in the judgment, and it would not, therefore, have been proper for the court to modify the judgment to meet the views of the defendant.

True, "where two persons execute a note, and each of them receives one-half of the consideration, they are, as between themselves, principals for half the debt and sureties for each other to the extent of the other half" (24 Am. & Eng. Enc. Law (1st Ed.) 723), and this is so no matter what may be the number of the obligors; but the principle finds application to cases where the right of contribution arises, and not to the rendition of the judgments provided for under the statute above quoted. It is conceded by the appellant that all the parties to the note were principals. This excludes him from the operation of the statute.

Let the judgment be affirmed.

*Affirmed.*